bCANNELLA, Judge.
Plaintiff, Harahan Development Co. Inc., appeals a First Parish Court judgment against defendant, Albert G. LaGraize. For the reasons which follow, we amend the judgment to add legal interest and, as amended, affirm.
Plaintiff is the lessor of property located at 6232 Jefferson Highway, Harahan, Louisiana, which has been occupied by defendant since 1980. The property was leased by oral agreement on a month to month basis. Plaintiff filed suit against defendant for rent allegedly due for the months of February, March and April of 1996 and for damages to the property. Defendant filed a reconven-tional demand against plaintiff for return of his deposit and for damages he allegedly sustained as a result of plaintiffs failure to repair the leased premises following a freeze in February of 1996. A judge trial was held on February 5, 1997. Following trial, the case was taken under advisement. On May 1, 1997, the trial court rendered judgment in favor of plaintiff and against ¡¡defendant in the amount of $1,600 [1] The trial court, in reasons for judgment, resolved the rent dispute in defendant’s favor, finding that the only rent agreement was $500 per month and not $750 per month as contended by plaintiff. The trial court also found that the repair costs were incurred as a result of the age of the building and its need to be updated and renovated and not as a result of defendant’s occupancy. The trial court also awarded $100 as reasonable cleaning fees. It is from this judgment that plaintiff appeals.
On appeal plaintiff assigns two errors. His argument in support of those errors, is as follows:

ARGUMENT NO. I

The trial court erred in its Judgment in finding that there was an oral agreement for the rate of rent to be $500.00, when it was not contended by appellant; as this suit is based upon an oral agreement to pay $750.00 a month as supported by Appellant’s Exhibit P-6, letter of March 14, 1996 affirming the parties oral agreement to pay $750.00 a month commencing in March, 1996.
Likewise, the Court failed to give proper consideration to the damage repair bills submitted by appellant as a consequence of appellees careless disregard for the maintenance of appellant’s property.

*61
ARGUMENT NO. 2

The Court failed to adjudge legal interest from the date of demand as this is appropriate in every Judgment for a sum of money, and the Court failed to award court costs expended by appellant in bringing this matter to judicial recourse, so as not to be penalized for a right to bring an action for a sum of money due as a consequence of damage and non-payment for use of appellant’s property.
Defendant points out that plaintiffs brief is in violation of the Uniform Rules of Louisiana Court of Appeal, particularly Rule 2-12.4, which provides in pertinent part:
ItThe argument on a specification or assignment of error in a brief shall include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error. The court may disregard the argument on that error in the event suitable reference to the record is not made.
Defendant also argues that there is no support in the record for plaintiffs position. Defendant acknowledges that by letter in 1981, plaintiff expressed interest in increasing the rent, but that the proposed amount, $952 per month, was never agreed to. Further, the record shows that thereafter defendant actually paid $500 per month rent for the three and one-half years prior to the termination of the lease and that said amount was accepted by plaintiff. This establishes the rent as $500 per month.
Plaintiffs reference to “P-6”, as support for his argument, is to a letter dated March 14, 1996, sent by plaintiff to defendant. In the letter, plaintiff states that the February rent of $500 is late and that the March payment “is due tomorrow in the amount of $750.00.” There is nothing in the record evidencing in any way defendant’s agreement to any such rent increase. To the contrary, at the time this letter was sent, defendant had already moved his veterinary business to a new location. The trial court found that the only rent amount agreed to by the parties was $500 per month.
The trial court further found that defendant stopped paying rent after the February 2, 1996 freeze in which the pipes in the leased premises were broken and not repaired until March of 1996. Defendant moved his veterinary business to another location. Nevertheless, defendant did not fully vacate the premises until April 14,1996. The trial court awarded $500 per month rent for the months of February, March and April. We find no error in that judgment.
Plaintiff also argues that the trial court failed to give proper consideration feto damage repair bills which they submitted. We find no record support for this claim. To the contrary, it appears that the trial court considered the repair bills carefully and determined that they were necessitated by the age of the building and not by defendant’s occupancy. The trial court found that no repairs had been made to the building, floor, fixtures or ceiling, in over twenty years. The trial court awarded $100 for normal cleaning of the premises following defendant’s departure. We find no error in this factual determination by the trial court.
Next, plaintiff argues that the trial court erred in not awarding interest from the date of judicial demand. Defendant makes no opposing argument to plaintiffs request for an interest award. We find that plaintiff is correct in his argument that the trial court erred in failing to award interest in this ease from the date of judicial demand.
Finally, plaintiff argues that the trial court erred in not awarding it court costs. We find no merit in plaintiffs argument. La. C.C.P. art.1920 provides that the trial court may, in its discretion, render a judgment for costs that it deems equitable. Unless the judgment provides otherwise, costs are to be paid by the party cast. Here, defendant was partially the party ultimately cast in judgment. However, plaintiff can also be considered the “party cast” in its unsuccessful attempt to recover repair costs and higher rent. Therefore, we find no error in the trial court’s decision not to award costs to plaintiff.
Accordingly, for the foregoing reasons, we amend the judgment to add interest from the date of judicial demand, until paid. And, we otherwise affirm the judgment, awarding *62 plaintiff rent in the amount of $1,600 and cleaning costs in the amount of $100. We order each party to bear their own costs of appeal.
AMENDED AND AS AMENDED, AFFIRMED.

. A Rule to Show Cause why the appeal should not be dismissed as untimely was issued by this court on July 1, 1998. The record does not indicate that a notice of judgment was sent to the parties. Therefore, the appellate delays did not run and said rule is dismissed.